UNITED STATES *v.* MASSABNI BROS. & SABA (No. 4494) [1]

[1] C. A. D. 313.

United States Court of Customs and Patent Appeals, May 24, 1945

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Sybil Phillips*, special attorneys, of counsel), for the United States.

*Lane & Wallace* (*William H. Fox* and *Thomas M. Lane* of counsel) for appellees.

[Oral argument April 10, 1945, by Mr. Weeks and Mr. Thomas M. Lane]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment, one judge dissenting, of the United States Customs Court, Second Division, adjudging certain doilies and bureau scarves to be properly dutiable at 40 per centum ad valorem under paragraph 1023 of the Tariff Act of 1930, rather than at 90 per centum ad valorem under paragraph 1529 (a) as found by the Collector of Customs.

Paragraph 1529 (a), insofar as pertinent, reads as follows:

PAR. 1529. (a) * * * fabrics and articles * * * from which threads have been * * * drawn, * * * and with threads introduced after weaving to finish * * * the openwork, not including one row of straight hemstitching adjoining the hem; * * * 90 per centum ad valorem. * * *

Paragraph 1023 is as follows:

PAR. 1023. All manufactures, wholly or in chief value of vegetable fiber, ex‑cept cotton, not specially provided for, 40 per centum ad valorem.

The issue here is as to the number of rows of straight hemstitching on the imported merchandise.

It appears that the goods are wholly or in chief value of flax with needlework adjoining the hems of the doilies or scarves, known as "punto quadro." "Punto quadro" is made by first withdrawing threads so that there are two rows in the fabric containing only the cross-threads and between the rows the woven material remains. The cross-threads are then gathered by a sewing thread into clusters in both rows. The thread is worked back and forth from the hem edge until the entire design is completed. The finished "punto quadro" then appears as two parallel rows of small openings adjoin‑ing the hem. Witnesses for appellees stated that the design contains but a single row of straight hemstitching, while witnesses for appellant declared it contains two rows of straight hemstitching.

The decision of the trial court was based entirely upon its interpre‑tation of the decision of this court in the case of *United States* v. *Fallani & Cohn, Inc.*, 30 C. C. P. A. (Customs) 141, C. A. D. 226. In that case the merchandise consisted of certain napkins in chief value of flax. It was classified under paragraph 1529 (a), *supra*, as flax articles embroidered by hand, and duty was assessed at the rate of 90 per centum ad valorem. The appellee claimed the merchandise to be properly dutiable at the rate of 30 per centum ad valorem as napkins wholly or in chief value of flax under the provisions of para‑graph 1014 of said tariff act as modified by the trade agreement with the United Kingdom, T. D. 49753. The sole question there was whether or not the needlework on the articles contained more than one row of "straight hemstitching." The needlework was known as "Gigliuccio" and was produced by withdrawing a certain number of threads from the material. One of the exhibits was stated in the opinion to have had two threads withdrawn, four threads skipped and five additional threads withdrawn, four more threads skipped, and then two withdrawn. The remaining cross-threads were grouped by added threads, forming a single row of the "Gigliuccio" design. In that case, as here, there was no dispute as to how the design was made, the sole issue being the number of rows of straight hemstitching in the design. We held that the design consisted of one row of "Gigliuccio" which contained more than one row of straight hem‑stitching. In setting out the reason for our holding, we pointed out that the evidence established that the row of withdrawn threads nearest the edge of the napkin and the row farthest therefrom, when finished, were entirely independent of each other for the reason that

each of those rows was finished by a separate sewing thread. In that case the rows of straight hemstitching were undoubtedly independent of each other with respect to the making thereof.

We did not there lay down the rule that in determining the number of rows of straight hemstitching which may appear in a fabric they must be made by separate sewing threads and thus be independent of each other in the forming of the hemstitching. The decision should not be so construed.

The paragraph under which the instant merchandise was classified does not refer to "independent" rows of straight hemstitching and if the effect of the "punto quadro" needlework produces two rows of straight hemstitching, and in our opinion it does, it necessarily follows that the judgment appealed from should be reversed. In the majority decision of the trial court it is indicated that except for the decision in the *Fallani* case, *supra*, the court would have been inclined to hold that the merchandise contained two rows of straight hemstitching based upon an examination of the exhibits.

We are of opinion that the method of creating the needlework on the involved merchandise is immaterial, since it finally results in two rows of "straight hemstitching." As pointed out in the dissenting opinion, to hold otherwise would bring about an anomalous result if one article contained two rows of straight hemstitching each independent of the other by reason of separate sewing threads, and the other contained a like number of rows of straight hemstitching made by a single thread. The former would be dutiable at 90 per centum ad valorem while the latter would be dutiable at 40 per centum ad valorem.

The merchandise here, as imported, contains two rows of straight hemstitching made by one sewing operation.

The judgment appealed from is *reversed*.